IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD RESPRESS, :

    Plaintiff, :

vs. : CA 07-0369-C

MICHAEL J. ASTRUE, :
Commissioner of Social Security,
                                            :
    Defendant.

## MEMORANDUM OPINION AND ORDER

The Commissioner has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further administrative proceedings. (Doc. 21)[1]

> Upon further review, the Commissioner believes the cause should be remanded for further administrative proceedings. On remand by the Court, the Appeals Council will remand this case to an Administrative Law Judge (ALJ),[2] who

---

[1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 12 & 13 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . [and] order the entry of a final judgment, and conduct all post-judgment proceedings."))

[2] In accordance with the parties' agreement (*see* Doc. 21, at 2), the Appeals Council is **INSTRUCTED** to assign this case to a different ALJ upon remand.

> will be directed to properly evaluate Plaintiff's subjective complaints and credibility in accordance with the applicable regulations and Eleventh Circuit case law; obtain and consider any updated records from Plaintiff's treating sources, including updated functional capacity assessments; and complete a Psychiatric Review Technique form or incorporate the mode of analysis into the decision as required by the regulations, and include specific findings as to the degree of limitation that Plaintiff has in each of the required functional areas.

(*Id.* at 1-2 (footnote added))

The motion to remand reveals that counsel for the defendant, Robert L. Van Saghi, Esquire, notified plaintiff's counsel, Gilbert B. Laden, Esquire, of the contents of the motion and was advised by plaintiff's counsel that the plaintiff would interpose no objection to the motion to remand.  (*Id.*)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Court **ORDERS** that this cause be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28

U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.[3]

**DONE** and **ORDERED** this the 4th day of December, 2007.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

---

[3] Oral argument in this cause, presently scheduled for January 23, 2008 (Doc. 20), is **CANCELED**